IN THE CIRCUIT COURT OF RANKIN COUNTY, MISSISSIPPI

JOHNNY W. WATKINS                                                        PLAINTIFF

VS.                                                      CAUSE NO.: 19-27

VIVINT, INC. AND EQUIFAX
INFORMATION SERVICES, LLC                                               DEFENDANTS

**FILED**
FEB -4 2019
REBECCA N. BOYD, CIRCUIT CLERK
BY

## COMPLAINT

COMES NOW Plaintiff Johnny W. Watkins (hereinafter "Watkins"), by counsel, and, for

cause of action against Defendants Vivint, Inc. (hereinafter "Vivint") and Equifax Information

Services, LLC (hereinafter "Equifax"), states the following:

1.

Plaintiff Johnny W. Watkins is an adult resident citizen of Rankin County, Mississippi.

2.

Defendant Vivint, Inc. is a Utah corporation registered to do business in the State of

Mississippi which may be served with process upon CT Corporation System, its registered agent for

service of process, at 645 Lakeland East Drive, Suite 101, Flowood, MS 39232.

3.

Defendant Equifax Information Services, LLC is a Georgia corporation registered to do

business in the State of Mississippi and may be served with process upon the Corporation Service

Company, its registered agent for service of process, at 5760 I-55 North, Suite 150, Jackson, MS

39211.

4.

The Plaintiff is a victim of violations of the Fair Credit Reporting Act, 15 U.S.C. §1681 *et*

*seq.*

EXHIBIT A

5.

Defendant Vivint sells home security and surveillance systems.

6.

On July 19, 2018, the Plaintiff contacted Defendant Vivint to inquire about purchasing a home security system for his home.

7.

When the Plaintiff and the Vivint employee began discussing the price of the home security system the Plaintiff wished to purchase, the Plaintiff specifically told the Vivint employee multiple times that he would be paying cash for the home security system and was not interested in any type of financing for the purchase.

8.

At no point did the Plaintiff apply for financing from Defendant Vivint or authorize Defendant Vivint to access or pull his credit report.

9.

The next day, the Plaintiff received an automated alert that Defendant Vivint had accessed and obtained his credit report from Defendant Equifax.

10.

15 U.S.C. § 1681b(f)(1) of the Fair Credit Reporting Act only allows a user of consumer reports such as Defendant Vivint to obtain a consumer's credit report if the user has a permissible purpose to obtain the consumer's credit report pursuant to 15 U.S.C. § 1681b.

11.

Defendant Vivint did not possess either the Plaintiff's consent or a permissible purpose

2

EXHIBIT A

pursuant to 15 U.S.C. § 1681b to obtain the Plaintiff's credit report from Defendant Equifax.

12.

Defendant Vivint therefore negligently and/or willfully violated 15 U.S.C. § 1681b(f)(1) by accessing the Plaintiff's credit report.

13.

On July 21, 2018, the Plaintiff disputed Vivint's unauthorized access of the Plaintiff's Equifax credit report to Equifax. Upon receipt of the Plaintiff's dispute, 15 U.S.C. § 1681i required Equifax to perform a reasonable investigation of the Plaintiff's dispute and to forward the Plaintiff's dispute to the furnisher of the disputed information which, in this instance, was Vivint.

14.

Also on July 21, 2018, the Plaintiff cancelled his scheduled appointment with Vivint and requested a full refund. During these communications with Vivint, the Plaintiff made a Vivint employee aware of Vivint's improper and impermissible access of the Plaintiff's Equifax credit report. The Vivint employee not only confirmed that the impermissible access of the Plaintiff's Equifax credit report had occurred but also admitted there was "absolutely no reason" for Vivint to access the Plaintiff's credit report. The Vivint employee also indicated that Vivint would investigate the impermissible inquiry and would "work to get that inquiry off" the Plaintiff's credit history.

15.

Also on July 21, 2018, the Plaintiff lodged a CEO level complaint with Vivint through Vivint's corporate website regarding the impermissible access of the Plaintiff's Equifax credit report. A Vivint employee responded to the Plaintiff's complaint and indicated that he was "looking into the credit pull that [Vivint] initiated."

3

EXHIBIT A

16.

On July 23, 2018, a Vivint employee called the Plaintiff and stated that Vivint was seeking

the retraction of the impermissible inquiry from the Plaintiff's credit report.

17.

On July 24, 2018, the Plaintiff received a second call from a Vivint employee, who stated that

the impermissible inquiry would be removed from the Plaintiff's credit report.

18.

On July 25, 2018, the Plaintiff received an e-mail from Equifax that his dispute of the

impermissible Vivint inquiry had been resolved and that he could log into his account on Equifax's

website to view the results of Equifax's alleged investigation. The Plaintiff attempted to log into his

Equifax account but was unable to do so, so he called Equifax. The Equifax employee with whom

he spoke indicated the Vivint inquiry had not been deleted from the Plaintiff's Equifax credit report

and that Equifax "did not dispute" inquiries.

19.

Shortly thereafter, the Plaintiff received his "investigation results" from Equifax. Equifax

responded to the Plaintiff's dispute not by investigating, as required 15 U.S.C. § 1681i, but instead

by indicating that "Inquiries are factual records of file access" and by referring the Plaintiff back to

Vivint as the creditor who initiated the impermissible access of the Plaintiff's credit report.

20.

Equifax failed to perform any type of investigation of the Plaintiff's dispute and thus both

negligently and willfully violated 15 U.S.C. § 1681i.

4

EXHIBIT A

21.

On August 3, 2018, the Plaintiff received an e-mail from Vivint, which indicated that Vivint

had requested that its inquiry be removed from the Plaintiff's credit report. However, the

impermissible inquiry was not removed from the Plaintiff's Equifax credit report.

22.

On or about December 20, 2018, the Plaintiff again disputed the impermissible Vivint inquiry

to Defendant Equifax.

23.

Equifax again failed to perform a reasonable investigation of the Plaintiff's dispute and

thereby negligently and/or willfully violated 15 U.S.C. § 1681i.

24.

As of January 15, 2019, the impermissible Vivint inquiry was still appearing on the

Plaintiff's Equifax credit report.

25.

Defendant Vivint negligently and/or willfully violated 15 U.S.C. § 1681b(f)(1) by

impermissibly accessing the Plaintiff's credit report without the Plaintiff's consent or a permissible

purpose.

26.

15 U.S.C. § 1681i require Defendant Equifax to perform a reasonable investigation of the

Plaintiff's dispute of the impermissible Vivint inquiry appearing on his credit report. Equifax

negligently and/or willfully violated 15 U.S.C. § 1681i by failing to reasonably investigate the

Plaintiff's disputes.

EXHIBIT A

27.

15 U.S.C. § 1681e(b) required Defendant Equifax to follow reasonable procedures to assure

maximum possible accuracy of the consumer reports it prepares regarding consumers such as the

Plaintiff. Defendant Equifax negligently and/or willfully violated 15 U.S.C. § 1681e(b) by allowing

the impermissible access of the Plaintiff's Equifax credit report and by continuing to report the

impermissible Vivint inquiry as part of the Plaintiff's credit history.

28.

As a result of the Defendants' negligent and/or willful violations of the Fair Credit Reporting

Act, the Plaintiff has suffered actual damages.

29.

Pursuant to 15 U.S.C. § 1681o of the Fair Credit Reporting Act, the Defendants' actions in

negligently violating the Fair Credit Reporting Act entitle the Plaintiff to recovery of his actual

damages as well as attorneys' fees and costs. In addition, the Defendants' actions in willfully

violating the Fair Credit Reporting Act entitle the Plaintiff to the recovery of actual damages,

punitive damages, attorneys' fees and costs, pursuant to 15 U.S.C. § 1681n.

30.

The Defendants' actions and omissions are evidence of their recklessness, gross negligence,

and a wanton disregard for the Plaintiff's rights, personal and financial safety, credit reputation and

good name, as well as his emotional well being.

31.

Because of the acts and omissions of the Defendants, the Plaintiff has suffered financial loss,

mental anxiety, emotional suffering, physical pain, worry, embarrassment, humiliation, and mental

6

EXHIBIT A

distress. In addition, the Plaintiff has incurred and will continue to incur litigation expenses and post

litigation attorneys' fees which, but for the acts and omissions of the Defendants alleged herein,

would not have been necessary. Further, the Defendants' acts and omissions were willful, malicious

and demonstrative of a reckless disregard for the Plaintiff's rights and well being.

32.

As a result of the Defendants' willful violations of 15 U.S.C. § 1681 *et seq.*, the Plaintiff is

entitled to an award of punitive damages from the Defendants.

WHEREFORE PREMISES CONSIDERED, the Plaintiff respectfully demands damages of

and from Defendants Vivint, Inc. and Equifax Information Services, LLC in an amount to be

determined by the jury as actual and compensatory damages, and further demands judgment for

punitive damages against each of the Defendants in such amount as the jury may determine

appropriate to deter this conduct in the future and as allowed by law, as well as attorneys' fees and

litigation expenses.

Respectfully submitted,

CHRISTOPHER E. KITTELL, MSB # 99615
KITTELL LAW FIRM
P.O. Box 568
2464 Church Street, Suite A
Hernando, MS 38632
Phone: (662) 298-3456
Fax: (855) 896-8772
Attorney for Plaintiff

7

EXHIBIT A